UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21275-BLOOM/Otazo-Reyes

EDDY J. PHILLIPEAUX,

    Plaintiff,

v.

MIAMI APARTMENTS INVESTORS, LLC,
*et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants Miami Apartment Investors, LLC, Baron Residential Management, and Sharon Fothergill (collectively, "Defendants") Motion to Dismiss First and Third Causes of Action and for More Definite Statement, ECF No. [21] ("Motion"). Plaintiff Eddy J. Philippeaux filed a Response in Opposition, ECF No. [25], to which Defendants filed a Reply, ECF No. [26]. The Court has carefully considered the Motion, the Response, the Reply, the record in this case, and is otherwise fully advised. For the following reasons, Defendants' Motion is granted in part and denied in part.

**I.   BACKGROUND**

On April 4, 2023, Plaintiff filed a Complaint alleging three causes of action. ECF No. [1]. Plaintiff alleges that Defendants retaliatorily evicted him in violation of the Americans with Disabilities Act ("ADA") (Count I); Defendants retaliated against Plaintiff by evicting him in violation of the Fair Housing Act ("FHA") (Count II); and Defendants conspired to retaliate against Plaintiff in violation of Plaintiff's Civil Rights in violation of 42 U.S.C. 1981 and 1985 (Count III). *See generally id*.

On May 5, 2023, Defendants filed the instant Motion arguing that Counts I and III of Plaintiff's Complaint should be dismissed and if Plaintiff is permitted to file an Amended Complaint, Defendants move for a more definite statement with respect to Count III. ECF No. [21]. Defendants argue that Count I must be dismissed because Defendants are not a place of public accommodation. *Id*. at 7-9. Defendants argue that Plaintiff failed to specify how his rights under § 1981 were violated and that under § 1985 the allegations are not sufficient to state a claim under any of the subsections. *Id*. at 9-15. Plaintiff responds that Counts I and III are sufficiently alleged.

II.     **LEGAL STANDARD**

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

### III.   DISCUSSION

#### A.  Count I

Defendants argue that Count I is subject to dismissal because Plaintiff's apartment is a private residential facility and is not a place of public accommodation. Therefore, it is not subject to Title III of the ADA. ECF No. [21] at 7-9. Plaintiff responds that Defendants violated the ADA because he is a disabled individual and his eviction was retaliatory and violated his rights to a public accommodation. *See* ECF No. [25]. In furtherance of his position, Plaintiff argues that the apartment complex offers public shared facilities including a Whole Foods Supermarket, public parking garage, and a leasing office. *See id*.

Generally, protections of the ADA apply in places of public accommodation, such as hotels, restaurants, theaters, and stores. 42 U.S.C. § 12181(7). However, in a mixed-use facility, "where only part of the facility is open to the public, the portion that is closed to the public is not a place of public accommodation and thus is not subject to Title III of the ADA." *See Petinsky v. 1800 Palm, LLC*, No. 13-CV-23516, 2013 WL 6576863, at *4 (S.D. Fla. Dec. 13, 2013) (quoting Doran v. 7–Eleven, Inc., 506 F.3d 1191, 1203 (9th Cir.2007)); *see also Champlin v. Sovereign Residential Services*, No. 608-CV-55, 2008 WL 2646627, at *4 (M.D. Fla. June 26, 2008) ("whether the residential condominium units are rented out short or long term, they will not be viewed as a 'public accommodation' unless akin to a hotel, *i.e.,* overnight 'rental' of the units.").

Plaintiff argues that Defendants' building is a place of public accommodation because it has both facilities open to the public and private residences. Because the alleged retaliatory act occurred in the private space, namely the rental unit that Plaintiff formerly occupied and was allegedly evicted from, and not any of the facilities open to the public, it is clear that Title III of the ADA is not applicable, and Count I must be dismissed. Although *pro se* Plaintiffs are generally afforded leave to amend, such leave "need not be granted when amendment would be futile."

*Wooden v. Armenteros*, 756 F. App'x 951, 953 (11th Cir. 2018). The Court dismisses Count I with prejudice because amendment under these circumstances would be futile where the alleged retaliatory conduct occurred in a space where the ADA does not apply.

### B. Count III

Defendants argue that Count III should be dismissed because Plaintiff has not alleged facts necessary to state a claim under 42 U.S.C. §§ 1981 or 1985. ECF No. [21] at 9-14. Plaintiff provides case law that explains § 1981 and its applicability but does not specifically address Defendants' argument. ECF No. [25] at 15-16.

In order to state a claim under § 1981, a plaintiff must allege facts establishing: (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004). "[A] plaintiff may establish racial discrimination directly or circumstantially." *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021).

Construed liberally in Plaintiff's favor, the allegations in the Complaint include that Defendant Fothergrill does not ordinarily supervise when tenants move out but did so when Plaintiff moved out. ECF No. [1] ¶¶ 43-46. However, Count III of Plaintiff's Complaint does not allege that Plaintiff is a member of any particular race, that Defendants intended to discriminate on the basis of his race, or that the discrimination concerned any of the activities enumerated in § 1981. Accordingly, the Court agrees with Defendant that Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1981.

Regarding 42 U.S.C. § 1985, Defendants argue that Plaintiff failed to specify the subsection of the statute under which he asserts his claim. Defendants contend that subsections one and two are clearly not supported by the allegations in the Complaint. Defendants also argue that under

subsection three, Plaintiff did not allege that there was a conspiracy, that he is a member of a protected class, or that Defendants' alleged conduct was motivated by class-based animus. In his Response, Plaintiff did not address these arguments.

Viewing the allegations in the Complaint in the light most favorable to Plaintiff, the Court agrees with Defendants that the allegations necessary for a claim under subsections one and two of § 1985 are not alleged. *See generally* ECF No. [1]. Defendants are correct that the "Complaint does not allege a conspiracy that prevented an officer from performing his duties, as required under § 1985(1). Nor does the Complaint allege that any parties conspired to intimidate or deter witness testimony, or to interfere with a juror, as required under the first clause of § 1985(2)." ECF No. [21] at 10. The Court therefore only analyzes whether Plaintiff has set forth sufficient allegations to plead a claim under § 1985(3).

Section "1985(3) created a cause of action against private individuals who, among other things, undertake conspiracies 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" *Dean v. Warren*, 12 F.4th 1248, 1257 (11th Cir. 2021) (quoting 42 U.S.C. § 1985(3)). "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). "The § 1985(3) defendant must have (1) conspired or gone in disguise on the highway or on the premises of another, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) taken or caused an action to be taken in furtherance of the conspiracy's object, and

5

(4) injured an individual's person or property or deprived her of exercising any right or privilege of a United States citizen." *Dean*, 12 F.4th 1248, n.8 (citing Griffin, 403 U.S. at 102–03).

Count III of Plaintiff's Complaint states in a conclusory fashion that Defendants conspired to retaliate against Plaintiff. ECF No. [1] ¶ 39. Plaintiff did allege that the conspiracy to evict him was "because of his protected activities in violation of laws (ADA+FHA)." *Id*. ¶ 40. The conclusory allegations are insufficient to plead a conspiracy because to plead a conspiracy "a plaintiff must show that the parties reached an understanding to deny the plaintiff his or her rights and prove an actionable wrong to support the conspiracy." *Bailey v. Bd. of Cnty. Com'rs of Alachua Cnty., Fla.*, 956 F.2d 1112, 1122 (11th Cir. 1992) (cleaned up). Here, no such allegations were pled. Moreover, Count III does not contain any allegations that the Defendants' alleged conduct was motivated by racial or class-based animus. *See* ECF No. [1]. As such, Count III fails to state a claim under § 1985(3).

Finally, the terminal paragraph of Count III contains allegations that Defendants violated multiple additional federal laws and Florida statutes, but Plaintiff provides no factual support for those allegations. *See* ECF No. [1] ¶ 47. Therefore, Plaintiff has failed to plead a cause of action under any of the laws listed. *See Iqbal*, 556 U.S. at 678.

Accordingly, Plaintiff has failed to sufficiently plead Count III. Because the Court cannot conclude that Count III's deficiencies are insurmountable, the Court gives Plaintiff leave to amend Count III.

### C. More Definite Statement

Defendants request that if Plaintiff is granted leave to amend Count III, as the Court has determined he is entitled to, the Court should also instruct Plaintiff to specify which portions of § 1981 and § 1895 he claims that Defendants have violated. ECF No. [21] at 14-15. Plaintiff responds that the request for a definite statement should be denied. ECF No. [25] at 16.

Case No. 23-cv-21275-BLOOM/Otazo-Reyes

Defendants Motion for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e) is premature because Plaintiff has not yet submitted an Amended Complaint and it remains to be seen whether there will be language that is "so vague or ambiguous that [Defendants] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Motion for a More Definitive Statements is therefore Denied Without Prejudice.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion, **ECF No. [21]**, is **GRANTED IN PART AND DENIED IN PART** as follows.

1. Count I is **DISMISSED** with prejudice.
2. Count III is **DISMISSED** without prejudice.
3. The Motion for More Definite Statement is **DENIED** without prejudice.
4. Plaintiff shall file an Amended Complaint, if any, **on or before July 5, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 20, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

**Eddy J. Philippeaux**
244 Madison Ave
#242
New York, NY 10016
PRO SE
eddyjean01@yahoo.com