**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-cv-21275-BLOOM/Otazo-Reyes**

EDDY J. PHILLIPEAUX,

      Plaintiff,

v.

MIAMI APARTMENTS INVESTORS, LLC,
*et al.*,

      Defendants.

_____/

**ORDER ON MOTION TO DISMISS AMENDED COMPLAINT**

    **THIS CAUSE** is before the Court upon Defendants Miami Apartment Investors, LLC, Baron Residential Management and Sharon Fothergill's (collectively, "Defendants") Motion to Dismiss Plaintiff's First, Third, Fourth, and Fifth Causes of Action in His Amended Complaint and for More Definite Statement, ECF No. [42] ("Motion"). Plaintiff Eddy J. Philippeaux ("Philippeaux") filed a Response in Opposition, ECF No. [44],[1] to which Defendants filed a Reply, ECF No. [45]. The Court has carefully considered the Motion, the Response, the Reply, the record in this case, and is otherwise fully advised. For the following reasons, Defendants' Motion is granted.

**I.    BACKGROUND**

    On April 4, 2023, Plaintiff initiated this action by filing a Complaint alleging three causes of action. ECF No. [1]. Plaintiff alleged that Defendants retaliated against Plaintiff by evicting him in violation of the Americans with Disabilities Act ("ADA") (Count I); Defendants retaliated

---

[1] The Response was docketed twice. *See* ECF Nos. [43], [44]. The Court cites to docket entry [44] throughout this order for consistency.

against Plaintiff by evicting him in violation of the Fair Housing Act ("FHA") (Count II); and Defendants conspired to retaliate against Plaintiff in violation of Plaintiff's civil rights in violation of 42 U.S.C. §§ 1981 and 1985 (Count III). *See generally id*.

On May 5, 2023, Defendants filed a motion to dismiss Counts I and III, ECF No. [21], which the Court granted in part and denied in part, ECF No. [35]. In its Order, the Court dismissed Count I with prejudice and dismissed Count III without prejudice, permitting Plaintiff to file an Amended Complaint by July 5, 2023. *Id*.

Plaintiff timely filed an Amended Complaint. ECF No. [37]. Therein Plaintiff alleges five causes of action: Retaliation in Violation of the ADA, 42 U.S.C. § 12203 (Count I); Retaliation in Violation of the FHA, 42 U.S.C. § 3617 (Count II); Civil Rights Violations pursuant to 42 U.S.C. §§ 1981 and 1985 (Count III); Intentional Infliction of Emotional Distress (Count IV); and Negligent Infliction of Emotional Distress (Count V). *See generally id*.

Defendants filed the instant Motion arguing that Counts I, III, IV, and V must be dismissed. ECF No. [42]. Plaintiff responds that the Court should deny Defendant's Motion to the extent it seeks dismissal of Counts III, IV, and V. ECF No. [44] at 5-6.

## II.    LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual

enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

## III.    DISCUSSION

As stated above, Defendants move to dismiss Counts I, III, IV, and V of Plaintiff's Amended Complaint. ECF No. [42]. Plaintiff responds that Counts III, IV, and V are not subject to dismissal. ECF No. [44]. The Court considers each Count in turn.

### A.  Count I - Retaliation in Violation of the ADA

Defendants argue that Count I is subject to dismissal because "the Court dismissed Plaintiff's first cause of action with prejudice and because Plaintiff does not have leave from the Court to amend this cause of action, Plaintiff is foreclosed from alleging this cause of action in his Amended Complaint." ECF No. [42] at 9-10. While Plaintiff responds by opposing the dismissal of Counts III, IV, and V, he does not address Defendants' arguments about dismissal of Count I. Plaintiff fails to provide any authority to support that he properly realleged a claim for retaliation under the ADA after dismissal with prejudice. As the Court has already determined that amendment of Count I would be futile since the property is not a place of public accommodation as defined by the ADA, s*ee* ECF No. [35] at 4, Count I is dismissed with prejudice.

### B.  Count III - Civil Rights Violations pursuant to 42 U.S.C. §§ 1981 and 1985

Defendants argue that Count III fails to state a claim pursuant to 42 U.S.C. §§ 1981 or 1985. ECF No. [42] at 10-16. Specifically, Defendants contend that Plaintiff's § 1981 claim fails

because "he does not allege that his race is the 'but-for' cause of his injury." ECF No. [42] at 10. Moreover, Plaintiff failed to "even reference § 1985 outside of the heading of his third cause of action[,]" fails to identify which subsection of the statute he is proceeding under, and fails to satisfy the pleading standard under any of the subsections. *Id*. At 12-16. Plaintiff responds that he has alleged that Defendants "terminated his lease agreement in retaliation of his protected activities in the U.S. District Court and that was also motivated by his race being African American." ECF No. [44] at 21.

### i. 42 U.S.C. § 1981

To state a claim under § 1981, a plaintiff "must allege facts establishing: (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004). "[A] plaintiff may establish racial discrimination directly or circumstantially." *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021). "A § 1981 plaintiff seeking to prove racial discrimination by circumstantial evidence may proceed under the McDonnell Douglas burden-shifting framework[.]" *Id*. "To make out a prima facie case, the plaintiff must point to comparators of a different race who were 'similarly situated in all material respects' and were not subject to the same mistreatment." *Id*. (citations omitted). A plaintiff "also bears the burden of showing that race was a but-for cause of his injury." *Id*. at 1297.

The allegations in the Amended Complaint include that Plaintiff is an African American, disabled veteran, of Haitian national origin. ECF No. [37] ¶¶ 44-46. Plaintiff further alleges that "as a result of him being African American or/and because he engaged in protected activities, during the pendency of the ADA/FHA lawsuit, Plaintiff Philippeaux was illegally harassed, thrown

out of the leasing office, depriving him of electronic access to his apartment on multiple occasions." *Id*. ¶ 47. The allegations in the Amended Complaint further detail that the non-renewal of Plaintiff's lease agreement and doubling of his monthly rent constitute race discrimination and disparate treatment, and that "Defendants do not evict other similarly situated non-black and non-Haitian tenants who have filed complaints against them." *Id*. ¶¶ 57-58.

Defendants argue that those allegations do not state a claim under 42 U.S.C. § 1981 because Plaintiff "does not allege that his race is the 'but-for' cause of his injury" and because his allegations are wholly conclusory and lack any factual support so do not meet the notice pleading standard. ECF No. [42] at 10-12. Plaintiff responds that he has alleged "that defendants terminated his lease agreement in retaliation of his protected activities in the U.S. District Court and that was also motivated by his race being African American." ECF No. [44] at 21.

Defendant relies on *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009 (2020), in which the Supreme Court held that in a § 1981 case "a plaintiff bears the burden of showing that race was a but-for cause of its injury. And, while the materials the plaintiff can rely on to show causation may change as a lawsuit progresses from filing to judgment, the burden itself remains constant." *Id*. at 1014-15. Defendants also cite to an Eleventh Circuit case in which the court explained that "[t]he district court did not err in dismissing Tippie's § 1981 race discrimination claim because her only alleged evidence of discrimination was based on the fact that she is not a native of Latin America. This is a claim based on her national origin, not her race." *Tippie v. Spacelabs Med., Inc.*, 180 F. App'x 51, 56 (11th Cir. 2006).

In *Ziyadat*, the Eleventh Circuit considered a similar case involving a § 1981 claim where the plaintiff hotel guest alleged he had been evicted based on the fact that he was Arab. *Ziyadat*, 3 F.4th at 1291. The Eleventh Circuit vacated the district court's order dismissing the § 1981 claim

because "the guest's allegations plausibly allege a circumstantial case of racial discrimination[.]" *Id*. at 1294. The court specifically considered the following allegations of racial animus by a towel attendant in determining whether the plaintiff had plausibly alleged his claim: "the towel attendant stared at him and his tattoo and said, 'You don't look like you belong here. What are you doing here?'" and "(2) announced that she was calling security, (3) summoned security guards to the pool, and (4) fabricated a story to the security guards about Ziyadat's misconduct—all as part of a 'deliberate attempt to cause [him] injury.'" *Id*. at 1296-97. The *Ziyadat* court determined that the plaintiff had met the requirement "to allege that the towel attendant's discriminatory animus caused his eviction[.]" *Id*. at 1298.

The Court applies the analysis in *Zyadat* to determine whether Plaintiff's Amended Complaint plausibly alleges that the Defendants' discriminatory animus caused his eviction. Plaintiff alleges that his lease was not renewed because of his race and national origin. Plaintiff has pled that Defendants did not evict similarly situated non-black, non-Haitian tenants who filed Complaints against them. *See* ECF No. [37] ¶ 58. Plaintiff has not alleged any facts in support of his claim that his eviction was motivated by racial animus by any of the Defendants or their employees. As such, the Court finds the allegations insufficient to state a claim under § 1981. *See Warren Tech., Inc. v. UL LLC*, 962 F.3d 1324, 1328 (11th Cir. 2020) ("[A] court considering a motion to dismiss generally accepts the non-moving party's allegations as true, a court is not required to credit 'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts.'" (internal quotation marks and citation omitted)).

### ii.     42 U.S.C. § 1985

Regarding Plaintiff's claim under 42 U.S.C. § 1985, Defendants argue that Plaintiff failed to specify the subsection of the statute supporting his claim. Defendants assert that subsections one

and two are clearly not supported by the allegations in the Complaint. Defendants further contend that "even assuming Plaintiff intended to plead a claim under § 1985(3), Plaintiff's claim again fails for multiple reasons." ECF No. [42] at 13. Construed liberally, Plaintiff's Response indicates that his retaliation claim under § 1985 alleges a conspiracy to retaliate against him by issuing a non-renewal of his lease agreement. ECF No. [44] at 18-19.

Defendants are correct that the "Plaintiff has still failed to allege a conspiracy that prevented any officer from performing his duties, as required under § 1985(1) or allege that any parties conspired to intimidate or deter witness testimony, or to interfere with a juror, as required under the first clause of § 1985(2)." ECF No. [42] at 12-13. The Court therefore only analyzes whether Plaintiff has set forth sufficient allegations to plead a claim under § 1985(3).

Section "1985(3) created a cause of action against private individuals who, among other things, undertake conspiracies 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" *Dean v. Warren*, 12 F.4th 1248, 1257 (11th Cir. 2021) (quoting 42 U.S.C. § 1985(3)). "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). "The § 1985(3) defendant must have (1) conspired or gone in disguise on the highway or on the premises of another, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) taken or caused an action to be taken in furtherance of the conspiracy's object, and (4) injured an individual's person or property or deprived her of exercising any right or privilege of a United States citizen." *Dean*, 12 F.4th 1248, 1255 n.8 (citing *Griffin*, 403 U.S. at 102–03).

Count III of Plaintiff's Amended Complaint alleges that after the May 2022 appeal of the dismissal of his FHA and ADA Complaint, "Defendants immediately took an adverse action against him by evicting him from his apartment that he has lived for the previous five (5) years." ECF No. [37] ¶¶ 50-53. Plaintiff alleges that Defendants acted collectively through a single agent to conspire against him for having exercised his right to file suit and that Defendants "and unnamed others conspire to construct or manufacture bases or causes as pretext to evict Mr. Philippeaux in retaliation of his protected activities in violation of laws (ADA+FHA)." *Id.* ¶¶ 54, 95. The allegations seek relief under § 1981 and only mention § 1985 in the heading of Count III. *See id*.

The conclusory allegations in the Amended Complaint are insufficient to plead a conspiracy because to plead a conspiracy "a plaintiff must show that the parties reached an understanding to deny the plaintiff his or her rights and prove an actionable wrong to support the conspiracy." *Bailey v. Bd. of Cnty. Com'rs of Alachua Cnty., Fla.*, 956 F.2d 1112, 1122 (11th Cir. 1992) (cleaned up). Here, Plaintiff's pleading is insufficient because it contains only conclusory allegations that there was a conspiracy to evict Mr. Philippeaux without factual support and does not identify how such an eviction deprived him of the equal protection of the laws or equal privileges or immunities under the laws. As such, Count III fails to state a claim under § 1985(3).

Accordingly, Plaintiff has failed to sufficiently set forth a cause of action either under 42 U.S.C. § 1981 or § 1985. As Plaintiff has again failed to adequately plead Count III after being provided the opportunity to amend, the Court concludes that Plaintiff is incapable of litigating his claims, such that amendment would be "futile." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (quotation marks omitted).

### C.  Amended Complaint's Addition of Counts IV and V

Defendants argue that the Court should dismiss Plaintiff's new claims brought in Counts IV and V for failure to comply with Federal Rule of Civil Procedure 15. ECF No. [42] at 17-18. Plaintiff responds that because the claims added in his Amended Complaint relate to his retaliation claims and are inextricably intertwined with his initial retaliation claims, the amendments relate back to the date of his filing the original Complaint. ECF No. [44] at 13-14.

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Because the Amended Complaint was filed more than 21 days after service of the Complaint and more than 21 days after Defendants filed their instant Motion to Dismiss, the Amended Complaint was not filed as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). "The court should freely give leave when justice so requires." *Id.* A plaintiff should be afforded the opportunity to test its claim on the merits as long as the underlying facts or circumstances may properly warrant relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The question is whether Plaintiff's Amended Complaint was filed with the Court's leave.

In its Order on Defendants' First Motion to Dismiss, the Court instructed Plaintiff to "file an Amended Complaint, if any, on or before July 5, 2023." ECF No. [35] at 7 (emphasis omitted). In that Order, the Court determined that it could not conclude that Count III's deficiencies were insurmountable, and therefore provided Plaintiff leave to amend Count III. *Id.* at 6.

Defendants argue that the Court's leave to file an Amended Complaint did not include leave to include two, new additional claims. ECF No. [42] at 17. Defendants cite two district court

cases from within this circuit to support their position that granting leave to amend a complaint to conform with a pleading standard does not afford a plaintiff leave to add totally new claims. *See Lee-Bolton v. Koppers Inc*, No. 1:10CV253-MCR/GRJ, 2017 WL 6206198 (N.D. Fla. July 25, 2017); *Hooker v. Office of Pers. Mgmt. & Dep't of Veteran Affairs*, No. 8:20-CV-1248-WFJ-CPT, 2021 WL 372827 (M.D. Fla. Feb. 3, 2021).

In *Lee-Bolton*, the court considered a motion to amend after class certification was denied. *Lee-Bolton*, 2017 WL 6206198, at *1. The court held that the motion to amend would "be granted in part as to claims that are merely re-cast in light of the procedural reality of the case going forward without a class." *Id*. The *Lee-Bolton* court explained that in its order granting "an opportunity to amend the Complaint to conform the pleadings to the Court's March 20, 2017 Order, the Court did not grant leave for the addition of new claims that could have been raised previously in a timely fashion." *Id*.

In *Hooker*, the court considered a motion to dismiss an amended complaint. *Hooker*, 2021 WL 372827, at *1. There, the plaintiff attempted to assert additional claims not initially raised in his first complaint after the court had considered a motion to dismiss and granted leave to file an amended complaint. *Id*. at *2. The court explained that "the Court notes that Plaintiff is not permitted to add new FOIA requests to an existing action without first seeking leave to amend his complaint. The order dismissing the initial complaint with leave to amend does not grant leave to add totally new claims." *Id*. at *3. The court pointed out that that the allegations would nonetheless be "considered under the *Twombly-Iqbal* standard." *Id*.

Although Plaintiff did not seek leave to add new claims pursuant to Rule 15, the Court recognizes that the Amended Complaint was filed before the deadline imposed for amendment in

the Court's Scheduling Order, ECF No. [29], and follows the *Hooker* court by considering Counts IV and V respectively under a 12(b)(6) standard.

### D.  Count IV - Intentional Infliction of Emotional Distress

Defendants argue that Count IV fails to state a claim for intentional infliction of emotional distress ("IIED"). ECF No. [42] at 18-20. Plaintiff does not respond except to cite an amicus brief which explains when emotional distress damages should be available. *See* ECF No. [44] at 15-18.

To state a claim for IIED, a plaintiff must allege that "(1) the defendant's conduct was intentional or reckless; (2) the conduct was outrageous, beyond all bounds of decency, and odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." *Moore v. Pederson*, 806 F.3d 1036, 1053 (11th Cir. 2015). Under Florida law, "[w]hether conduct is sufficiently 'outrageous' to state a claim for IIED is a question of law for the Court to decide." *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1339 (S.D. Fla. 2012) (citing *Medina v. United Christian Evangelistic Ass'n*, No. 08-22111-CV-Cooke, 2009 WL 653857, at *4 (S.D. Fla. Mar. 9, 2009)); see *Liberty Mut. Ins. Co. v. Steadman*, 968 So. 2d 592, 595 (Fla. 2d DCA 2007) ("Whether conduct is outrageous enough to support a claim of [IIED] is a question of law, not a question of fact.") (citing *Gandy v. Trans World Comput. Tech. Grp.*, 787 So. 2d 116, 119 (Fla. 2d DCA 2001)).

Defendants argue that "Plaintiff makes no specific factual allegations to support the first prong of his claim." ECF No. [42] at 19. Defendants further argue that "with respect to the second prong, while Plaintiff claims Defendants' conduct is 'outrageous,' he fails to provide adequate support for this conclusory statement." *Id*. The Court agrees.

In Count IV of his Amended Complaint, Plaintiff alleges that Defendant's intentional retaliatory actions have aggravated his medical health and mental status, led to his loss of personal

belongings and household good, caused him to have to move out of the State of Florida, contributed to his inability to go back to work, and caused him to suffer from "aggravated headaches, insomnia, and panic attacks[.]" ECF No. [37] at ¶¶ 106-109, 113-115. Plaintiff further alleges that Defendants conduct "is so extreme and outrageous could have pushed Mr. Philippeaux to the brink of mental instability." *Id*. ¶ 112. Plaintiff has not provided sufficient facts to state a plausible claim for IIED because he has failed to explain what conduct Defendants engaged in that was so outrageous it was beyond the bounds of decency and utterly intolerable in a civilized community. *See Cooper v. Empower U, Inc.*, 603 F. Supp. 3d 1317, 1322 (S.D. Fla. 2022) ("[E]ven allegations of 'reprehensible, objectionable, and offensive' conduct have been rejected as insufficient to state a claim for intentional infliction of emotional distress."). Because Plaintiffs' complained of injury is being evicted in retaliation for bring a suit under the ADA and FHA, the Court does not view the conduct, even if true, as so outrageous it was beyond the bounds of decency and utterly intolerable in a civilized community.

Accordingly, Count IV is dismissed with prejudice because the Court finds that amendment would be futile where the complained of conduct does not meet the standard necessary to state a claim for intentional infliction of emotional distress.

### E.  Count V - Negligent Infliction of Emotional Distress

Defendants argue that Count V fails to state a claim because the "factual allegations [ ] do not support a claim for negligent infliction of emotional distress." ECF No. [42] at 20. Plaintiff cites to some case law regarding negligent infliction of emotional distress, seemingly to argue that he has sufficiently stated a claim. ECF No. [44] at 14-15. However, Plaintiff does not specifically respond to Defendants' argument.

"Under Florida law, 'the elements required to allege a cause of action for negligent infliction of emotional distress [are]: (1) the plaintiff must suffer a physical injury; (2) the plaintiff's physical injury must be caused by the psychological trauma; (3) the plaintiff must be involved in some way in the event causing the negligent injury to another; and (4) the plaintiff must have a close personal relationship to the directly injured person.'" *Salinero v. Johnson & Johnson*, 400 F. Supp. 3d 1334, 1353 (S.D. Fla. 2019), *aff'd,* 995 F.3d 959 (11th Cir. 2021) (quoting *Zell v. Meek*, 665 So. 2d 1048, 1054 (Fla. 1995)).

Plaintiff alleges in Count V that Defendants actions by its eviction caused him harm including contributing to his inability to go back to work, inability to sleep at night, and having increased symptoms of aggravated headaches, insomnia, and panic attacks. ECF No. [37] ¶¶ 116-122.

Defendant argues that Plaintiff has not alleged that he suffered any "discernable physical injury as a result of a psychological trauma inflicted by Defendants." ECF No. [42] at 20. Defendant further argues that the claim concerns only injury to Plaintiff and not another, and therefore fails to state a claim for negligent infliction of emotional distress. Even if the Court were to accept that Plaintiff has successfully plead a physical injury caused by psychological trauma inflicted by Defendants, Plaintiff has not adequately plead the third or fourth elements of a claim for negligent infliction of emotional distress. The Amended Complaint does not indicate that there was an event causing negligent injury to another or that plaintiff had a close personal relationship to that person. Therefore, Count V must be dismissed. Because there is no indication that Plaintiff can adequately plead an injury to another, the Court finds that amendment would be futile and dismisses Count V with prejudice.

Case No. 23-cv-21275-BLOOM/Otazo-Reyes

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.   Defendants' Motion, **ECF No. [42]**, is **GRANTED**. Counts I, III, IV, and V are

   **DISMISSED** with prejudice. This case shall proceed as to Count II.

2.   Defendants shall file an Answer to Count II **no later than September 11, 2023**.

   **DONE AND ORDERED** in Chambers at Miami, Florida, on September 1, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Eddy J. Philippeaux
244 Madison Ave
#242
New York, NY 10016
PRO SE
eddyjean01@yahoo.com

14